[Cite as *State v. Henson*, 2012-Ohio-2894.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11 CAA 11 0112 |
| RYAN M. HENSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  11 CR I 03 0127

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 26, 2012

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

CAROL O'BRIEN                               DAVID H. BIRCH
PROSECUTING ATTORNEY                        286 South Liberty Street
ERIC PENKAL                                 Powell, Ohio  43065
ASSISTANT PROSECUTOR
140 North Sandusky Street, 3rd Floor
Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Defendant-Appellant Ryan Henson appeals his sentence entered in the Delaware County Common Pleas Court following a guilty plea on two counts of theft and two counts of forgery.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** Appellant Ryan M. Henson, while working in the commercial banking business, collected deposits from clients who hoped to secure loans. When the loans fell through, he did not return the deposits to the clients, instead keeping said deposits for his own personal use. Appellant also forged letters of intent to entice the deposits paid to him.

**{¶4}** On March 4, 2011, Appellant was indicted on three counts of forgery under R.C. §2913.31 and three counts of theft under R.C. §2913.02. The six separate counts included three distinct victims.

**{¶5}** On September 19, 2011, Appellant entered a plea of guilty on one count of theft in violation of R.C. §2913.02(A)(3), a felony of the fifth degree, one count of theft in violation of R.C. §2913.02(A)(2), a felony of the fourth degree and two counts of forgery in violation of R.C. §2913.31(A)(3), felonies of the fourth degree.

**{¶6}** On October 31, 2011, the trial court sentenced Appellant to twelve months on each count. The sentences were imposed to run consecutive, except count two which was to run concurrent, for an aggregate sentence of thirty-six months in prison.

{¶7} Appellant now appeals, arguing that the trial court erred in its sentencing discretion and that Appellant was entitled to community control under the recently enacted changes in R.C. Chapter 2929 under House Bill 86.

## ASSIGNMENT OF ERROR

{¶8} "I. THE COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SENTENCE IN CONTRAVENTION OF THE SENTENCING STATUTES."

I.

{¶9} In his sole Assignment of Error, Appellant claims that the trial court erred in imposing a prison term in this matter. We agree.

{¶10} More specifically, Appellant claims that under the current version of R.C. 2929.13, the trial court was required to impose a sentence of community control.

{¶11} Upon review, we find that with regard to fourth and fifth degree felonies, R.C. §2929.13, effective date September 30, 2011, now provides:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) The offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day

period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

If the department provides the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court shall impose upon the offender a community control sanction under division (B)(1)(a) of this section, subject to divisions (B)(1)(b)(i) and (ii) of this section. If the department does not provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court may impose upon the offender a prison term under division (B)(1)(b)(iii) of this section.

(d) A sentencing court may impose an additional penalty under division (B) of section 2929.15 of the Revised Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction, violates a law, or leaves the state without the permission of the court or the offender's probation officer.

{¶12} Upon review, we find that pursuant to the above statute, the trial court was required to impose a sentence of community control.

{¶13} In its brief, the State of Ohio argues that the R.C. 2929.13B)(1)(c) is unconstitutional because it removes any judicial discretion in sentencing a non-violent, first-time felony offender to prison.

{¶14} However, upon review, we find that the issue of constitutionality was not raised in the trial court. The failure to raise at the trial level the issue of the constitutionality of a statute or its application which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore, need not be heard for the first time on appeal. *In re N. W.,* 10th Dist. No. 07–AP590, 2008–Ohio–297, ¶ 37; *In re Dailey,* 10th Dist. No. 04AP–1346, 2005–Ohio–2196; *In re Andy–Jones,* 10th Dist. No. 03AP–1167, 2004–Ohio–3312

{¶15} We expressly decline to address Appellee's arguments regarding the constitutionality of said statute as the trial court has not considered and decided those issues, and we will not determine them in the first instance on appeal.

{¶16} We therefore reverse and remand this matter to the trial court for re-sentencing and/or consideration of the constitutional issues raised by the State of Ohio in this appeal.

{¶17} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is reversed and remanded to the trial court for proceedings consistent with the law and this opinion.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0613

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                     :
                                               :
-vs-                                           :           JUDGMENT ENTRY
                                               :
RYAN M. HENSON                                 :
                                               :
    Defendant-Appellant                    :           Case No. 11 CAA 11 0112


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.


_____


_____


_____

JUDGES