[Cite as *State v. Henson*, 2013-Ohio-1047.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 12 CAA 08 0047 |
| RYAN M. HENSON | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 11 CR I 03 0127 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 19, 2013 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| CAROL O'BRIEN<br>Delaware County Prosecuting Attorney | DENNIS PUSATERI<br>Office of the Ohio Public Defender |
| ERIC PENKAL<br>Assistant Prosecuting Attorney<br>140 N. Sandusky St., 3rd Floor<br>Delaware, Ohio 43015 | Assistant State Public Defender<br>250 East Broad Street - Suite 1400<br>Columbus, Ohio 43215 |

*Hoffman, J.*

{¶1} Defendant-appellant Ryan Henson appeals his sentence entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On September 19, 2011, Appellant entered a plea of guilty to one count of theft, in violation of R.C. § 2913.02(A)(3), a felony of the fifth degree; one count of theft, in violation of R.C. § 2913.02(A)(2), a felony of the fourth degree; and two counts of forgery, in violation of R.C. § 2913.31(A)(3), felonies of the fourth degree.

{¶3} On October 31, 2011, the trial court sentenced Appellant to twelve months on each count. The sentences were imposed to run consecutive, excepting count two which was to run concurrent, for an aggregate sentence of thirty-six months in prison.

{¶4} Appellant appealed that sentence and this Court reversed finding the trial court was required to impose a sentence of community control pursuant to R.C. 2929.13. *State v. Henson*, 5th Dist. No. 11CAA110112, 2012-Ohio-2894.

{¶5} On July 23, 2012, the trial court conducted a new sentencing hearing.  At the time of the hearing, Appellant had spent a total of 297 days in custody pursuant to the trial court's original sentence.  Via Judgment Entry of July 26, 2012, the trial court resentenced Appellant to a five year term of community control and imposed a local jail sentence of 90 days as a condition of the community control.  The trial court declined to give Appellant credit for time served.

{¶6} Appellant now appeals the July 26, 2012 sentence, assigning as error:

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶7} "I. THE TRIAL COURT ERRED BY IMPOSING A JAIL SENTENCE AS A CONDITION OF COMMUNITY CONTROL WHEN THE DEFENDANT HAD ALREADY SERVED TEN MONTHS IN PRISON AS THE RESULT OF AN IMPROPERLY IMPOSED SENTENCE THAT WAS REVERSED ON APPEAL.

{¶8} "II. THE TRIAL COURT ERRED BY FAILING TO AWARD CONFINEMENT CREDIT AGAINST THE JAIL SENTENCE IMPOSED AS A CONDITION OF COMMUNITY CONTROL WHEN THE DEFENDANT HAD ALREADY SERVED A PERIOD OF IMPRISONMENT IN EXCESS OF THE MAXIMUM SIX-MONTH PERIOD OF INCARCERATION PERMITTED TO BE IMPOSED AS A CONDITION OF COMMUNITY CONTROL PURSUANT TO R.C. 2929.16(A)(2)."

### I. & II.

{¶9} Both assignments of error raised by Appellant assert common and interrelated issues; therefore, we will address the arguments together.

{¶10} As set forth in the Statement of the Case, supra, this Court reversed the original sentence entered by the trial court, remanding the matter to the trial court for resentencing and the imposition of a community control sanction. This Court's opinion in *State v. Henson,* 5th Dist. No. 11CAA110112, 2012-Ohio-2894, states:

{¶11} "Upon review, we find that with regard to fourth and fifth degree felonies, R.C. § 2929.13, effective date September 30, 2011, now provides:

{¶12} "(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

**{¶13}** "(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

**{¶14}** "(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

**{¶15}** "(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

**{¶16}** "(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:

**{¶17}** "(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

**{¶18}** "(ii) The offender caused physical harm to another person while committing the offense.

**{¶19}** "(ii) [sic] The offender violated a term of the conditions of bond as set by the court.

**{¶20}** "(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of,

contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

**{¶21}** "(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier. If the department provides the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court shall impose upon the offender a community control sanction under division (B)(1)(a) of this section, subject to divisions (B)(1)(b)(i)

and (ii) of this section. If the department does not provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court may impose upon the offender a prison term under division (B)(1)(b)(iii) of this section.

{¶22} "(d) A sentencing court may impose an additional penalty under division (B) of section 2929.15 of the Revised Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction, violates a law, or leaves the state without the permission of the court or the offender's probation officer.

{¶23} "Upon review, we find that pursuant to the above statute, the trial court was required to impose a sentence of community control.

{¶24} "In its brief, the State of Ohio argues that the R.C. 2929.13B)(1)(c) is unconstitutional because it removes any judicial discretion in sentencing a non-violent, first-time felony offender to prison.

{¶25} "However, upon review, we find that the issue of constitutionality was not raised in the trial court. The failure to raise at the trial level the issue of the constitutionality of a statute or its application which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore, need not be heard for the first time on appeal. *In re N.W.,* 10th Dist. No. 07–AP590, 2008–Ohio–297, ¶ 37; *In re Dailey,* 10th Dist. No. 04AP–1346, 2005–Ohio–2196; *In re Andy–Jones,* 10th Dist. No. 03AP–1167, 2004–Ohio–3312.

**{¶26}** "We expressly decline to address Appellee's arguments regarding the constitutionality of said statute as the trial court has not considered and decided those issues, and we will not determine them in the first instance on appeal.

**{¶27}** "We therefore reverse and remand this matter to the trial court for re-sentencing and/or consideration of the constitutional issues raised by the State of Ohio in this appeal."

**{¶28}** At the July 23, 2012 resentencing hearing, the trial court stated on the record,

**{¶29}** "The Court: Well, I'll find that that provision is unconstitutional under the separation of power [sic], so I don't have to make that finding under 2929.13(B)(1)(a) or (B)(1)(b).

**{¶30}** "I'll admit apparently that wasn't on the record last time.

**{¶31}** "* * *

**{¶32}** "Keeping those in mind, the Court does have to review the statutory findings under 2929.13(B)(1)(a), and you don't have any prior conviction of a felony or misdemeanors of violence within two years, there's no higher degree of felony committed, the Court has found that the provision regarding DRC recommending Community Control sanctions, the 45-day provision, is unconstitutional and in violation of separation of powers.

**{¶33}** "Under 2929.13(B)(1)(b), none of those factors apply. And, again, the Court would find that provision regarding seeking input from the DRC as unconstitutional.

**{¶34}** "So, if none of the provisions apply, then the Court can consider factors under 2929.13(B)(2), and that your profession and reputation facilitated this offense and is likely to influence the future conduct of others.

**{¶35}** "Under the sentencing factors under 2929.12(B) to (E) - - and the Court has to consider those again - - the victim suffered serious economic harm and you had a position of trust, your reputation facilitated the offense, your relationship with the victims facilitated the offense.

**{¶36}** "On the less serious, no physical harm to persons or property expected or caused, the more serious factors certainly outweigh those being less serious.

**{¶37}** "On the recidivism likely side, again the Court would emphasize that you've shown no genuine remorse.

**{¶38}** "On the recidivism not likely side, of course, no prior criminal offenses and you've been law abiding for a number of years. But, the no genuine remorse certainly outweighs any of the factors indicating recidivism is not likely.

**{¶39}** "The factors are there for me to impose a prison term once again. And the question is, are you amenable at this point in time to Community Control. And the Court would find that you are - - reluctantly make that finding - - and, therefore, impose five years of Community Control to be supervised by the Office of Adult Court Services;"

**{¶40}** Tr. at 14; 19-21.

**{¶41}** The State cites R.C. 2929.16, asserting the trial court could have placed Appellant on community control and imposed a six month jail term, six months in a CBCF, or six months in an alternative detention facility, all consecutive for an eighteen

month total term.    The State further asserts the ninety day sentence is merely a condition of the community control sanction imposed.

**{¶42}** R.C. 2929.15 provides,

**{¶43}** "(A)(1) If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. If the court is sentencing an offender for a fourth degree felony OVI offense under division (G)(1) of section 2929.13 of the Revised Code, in addition to the mandatory term of local incarceration imposed under that division and the mandatory fine required by division (B)(3) of section 2929.18 of the Revised Code, the court may impose upon the offender a community control sanction or combination of community control sanctions in accordance with sections 2929.16 and 2929.17 of the Revised Code. If the court is sentencing an offender for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, in addition to the mandatory prison term or mandatory prison term and additional prison term imposed under that division, the court also may impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

**{¶44}** "The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without

obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action. If the court sentences the offender to one or more nonresidential sanctions under section 2929.17 of the Revised Code, the court shall impose as a condition of the nonresidential sanctions that, during the period of the sanctions, the offender must abide by the law and must not leave the state without the permission of the court or the offender's probation officer. The court may impose any other conditions of release under a community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in division (D) of this section to determine whether the offender ingested or was injected with a drug of abuse and requiring that the results of the drug test indicate that the offender did not ingest or was not injected with a drug of abuse."

{¶45}  R.C. 2929.16 provides,

{¶46}  "(A) Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. The court imposing a sentence for a fourth degree felony OVI offense under division (G)(1) or (2) of section 2929.13 of the Revised Code or for a third degree felony OVI offense under division (G)(2) of that section may impose upon the offender, in addition to the mandatory term of local incarceration or mandatory

prison term imposed under the applicable division, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration or mandatory prison term required for the offense. Community residential sanctions include, but are not limited to, the following:

{¶47} "(1) A term of up to six months at a community-based correctional facility that serves the county;

{¶48} "(2) Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of up to six months in a jail;

{¶49} "(3) If the offender is convicted of a fourth degree felony OVI offense and is sentenced under division (G)(1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty or one hundred twenty consecutive days of imprisonment imposed pursuant to that division;

{¶50} "(4) A term in a halfway house;

{¶51} "(5) A term in an alternative residential facility."

{¶52} In *State v. Barnhouse,* 102 Ohio St.3d 221, 2004-Ohio-2492, the Ohio Supreme Court addressed the issue of whether a six month jail sentence authorized by R.C. 2929.16 came under the general exception rule of concurrent sentences; thus, allowing the trial court to impose consecutive sentences. The Court held,

{¶53} "In the instant matter, the trial court failed to inform Barnhouse of the specific prison term that would be imposed upon him if he violated the conditions of his

community control. As a result, the court determined that it was precluded from imposing consecutive prison sentences under R.C. 2929.14(E). [Footnote omitted.] To achieve the same end by different means, however, the trial court expressly imposed consecutive six-month sentences under R.C. 2929.16(A)(2), which authorizes the trial court to impose as a community control sanction for 'a felony * * * a term of up to six months in a jail.'

{¶54} "***

{¶55} "Second, and most important, the six-month maximum jail sentence authorized by R.C. 2929.16(A)(2) is not an exception identified in R.C. 2929.41(A) and, therefore, is subject to the general rule that 'a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment.' R.C. 2929.41(A). Applying this rule to the instant case, we conclude that a trial court may not impose consecutive jail sentences under R.C. 2929.16(A)(2). [Footnote omitted.] Indeed, we are unwilling to construe the unambiguous language in R.C. 2929.41(A) to achieve the end that could have been accomplished by notifying the defendant of the specific prison term to be imposed upon him if he were to violate the community control sanction. See R.C. 2929.19(B)(5)."

{¶56} As of the date of the July 23, 2012 resentencing, Appellant had spent a total of 297 days in custody on a sentence later determined by this Court to be contrary to law. On remand, the trial court chose to sentence Appellant to a term of community control (despite finding the provision in R.C. 2929.13 regarding DRC recommendations of community control sanctions unconstitutional), while also imposing a 90 day jail term as a condition of the community control pursuant to R.C. 2929.16. Following the

rationale of *Barnhouse*, supra, we find Appellant should have been credited with the time he served in prison against his six-month jail term imposed as part of his community control sanctions.

{¶57} The judgment of the Delaware County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings consistent with the law and this opinion.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :               JUDGMENT ENTRY
                                           :
RYAN M. HENSON                             :
                                           :
    Defendant-Appellant                :               Case No. 12 CAA 08 0047


For the reason stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings consistent with the law and our Opinion. Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER