[Cite as *State v. Norman*, 2024-Ohio-907.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT2023-0024 |
| | : | |
| WENDY M. NORMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2022-0372



JUDGMENT:                    AFFIRMED IN PART; REVERSED AND
                             REMANDED IN PART



DATE OF JUDGMENT ENTRY:      March 11, 2024



APPEARANCES:


For Plaintiff-Appellee:                 For Defendant-Appellant:

RONALD L. WELCH                         RICHARD D. HIXSON
MUSKINGUM COUNTY PROSECUTOR             3808 James Court, Suite 2
                                        Zanesville, OH 43701
JOHN CONNOR DEVER
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

*Delaney, P.J.*

{¶1} Defendant-Appellant Wendy M. Norman appeals the April 12, 2023 sentencing judgment entry of the Muskingum County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

{¶2} On August 11, 2022, the Muskingum County Grand Jury indicted Defendant-Appellant Wendy M. Norman and her husband, Ryan A. Norman for crimes committed against her three minor children. Appellant was indicted on fourteen counts:

| Count | Charge | Revised Code | Felony |
|---|---|---|---|
| 4 | Endangering Children | 2919.22(B)(2) | F2 |
| 5 | Endangering Children | 2919.22(B)(2) | F2 |
| 6 | Endangering Children | 2919.22(B)(2) | F2 |
| 7 | Endangering Children | 2919.22(A) | F3 |
| 8 | Endangering Children | 2919.22(A) | F3 |
| 9 | Endangering Children | 2919.22(A) | F3 |
| 16 | Domestic Violence (prior offense) | 2919.25(A) | F4 |
| 17 | Domestic Violence (prior offense) | 2919.25(A) | F4 |
| 18 | Domestic Violence (prior offense) | 2919.25(A) | F4 |
| 19 | Corrupting Another With Drugs (Marijuana) | 2925.02(A)(4)(b) | F4 |
| 20 | Corrupting Another With Drugs (Percocet) | 2925.02(A)(4)(b) | F2 |
| 22 | Kidnapping | 2905.01(A)(3) | F1 |
| 23 | Kidnapping | 2905.01(A)(3) | F1 |
| 24 | Kidnapping | 2905.01(A)(3) | F1 |

Appellant entered a plea of not guilty on all counts.

{¶3} On February 21, 2023, Appellant appeared before the trial court for a change of plea hearing. Appellant reached a plea agreement with the State wherein she would withdraw her not guilty plea and instead plead guilty to Counts 7, 8, and 9. The State agreed to dismiss the remaining charges at the time of sentencing. The trial court

gave the plea colloquy and Appellant entered her guilty plea, which the trial court accepted. During the plea colloquy, the trial court advised Appellant that if she went to prison in this matter, "it's mandatory upon your release that you'll be placed upon post-release control, and that could be between one and three years." (T. 7).

{¶4} The State provided the facts leading to the indictment of Appellant and her husband. The 13-year-old child, oldest of the three siblings, told their school that Appellant and her husband were using drugs and abusing the children. The children revealed that Appellant and her husband would slap them, hit them with a wooden board, hit them with a wooden stick, and strangle them. Appellant watched her husband abuse them but did not stop him. Appellant and her husband used drugs in the children's presence and took the children with them to purchase drugs. Appellant gave one child Percocet and fed another child muffins containing marijuana. A search warrant was executed on the home where the officers found the children's sleeping areas in filthy conditions, evidence of drug use in the living areas, and the wooden board and stick matching the child's descriptions.

{¶5} The matter was set for a sentencing hearing after a presentence investigation. The sentencing hearing was held on April 10, 2023. The trial court stated it had reviewed the presentence investigation report. (T. 8). Appellant's three children had been removed from her care by Children's Services and its investigation was made part of the PSI. (T. 4). The investigation revealed that Appellant had spoken with her husband and her children, stating they would be reunited after she was released from jail. (T. 8). The trial court noted that in 2014, Appellant committed perjury in an attempt to prevent

her husband from being convicted of domestic violence, for which she was sentenced to 24 months in jail. (T. 8).

{¶6} In regard to the three counts to which Appellant pleaded guilty, each count was for each child victim. The trial court imposed a 24-month sentence on each count to be served consecutively with each other, for a prison term of 72 months and 111 days of jail time credit. (T. 9). The trial court found the sentence was not disproportionate to the nature of the offense and was necessary to protect the public and punish the defendant, nor was it disproportionate to the seriousness of the conduct and danger posed. (T. 9). It found consecutive sentences were necessary because of Appellant's past conduct as well as her conduct in this case. Her history demonstrated that consecutive sentences were necessary to protect the victims in this case. (T. 9).

{¶7} The State advised the trial court that post release control was mandatory for one to three years. (T. 9). The trial court imposed a mandatory term of post release control for one to three years. (T. 9).

{¶8} The sentencing entry was journalized on April 12, 2023. In addition to the aggregate prison term of 72 months, the sentencing entry imposed a mandatory term of post release control for one to three years.

{¶9}   It is from this judgment that Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶10} Appellant raises three Assignments of Error:

I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES ON DEFENDANT/APPELLANT, AS THE REQUIRED FINDINGS MADE BY THE TRIAL COURT PURSUANT TO OHIO

REVISED CODE SECTION 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD.

II. DEFENDANT/APPELLANT'S SENTENCE IS CONTRARY TO LAW, AS IT VIOLATES DEFENDANT/APPELLANT'S EIGHTH AMENDMENT GUARANTEE AGAINST CRUEL AND UNUSUAL PUNISHMENT.

III. THE TRIAL COURT ERRED BY ADVISING AND SENTENCING DEFENDANT/APPELLANT TO A MANDATORY TERM OF ONE-TO-THREE YEARS OF POST-RELEASE CONTROL WHEN POST-RELEASE CONTROL WAS DISCRETIONARY.

## ANALYSIS

### I.

{¶11} In her first Assignment of Error, Appellant argues the trial court's imposition of consecutive sentences was not supported by R.C. 2929.14(C)(4). We disagree.

{¶12} Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39; *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10.

{¶14} An appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support the findings. The Ohio Supreme Court has recently spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. *State v. Grant*, 5th Dist. Muskingum No. CT2023-0023, 2023-Ohio-4614, 2023 WL 8716601, ¶ 23. In *State v. Gwynne*, 2023-Ohio-3851, -- N.E.3d --, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, -- N.E.3d --, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a

trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Grant* at ¶ 23.

{¶15} In this case, we find the trial court's consecutive-sentence findings were clearly and convincingly supported by the record. Appellant first argues the trial court failed to weigh the proportionality of the sentence as compared to her conduct. She contends her conduct in allowing her three children to be abused by her husband was not as bad as the conduct of her husband, who she claimed inflicted the majority of the abuse on her three children. "Very little of the abuse that occurred was at the hands of Defendant/Appellant." (Appellant's Brief, page 6).

{¶16} Appellant entered a plea of guilty to three counts of Endangering Children, which states: "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *." R.C. 2919.22(A). Appellant pleaded guilty to creating a substantial risk to the health or safety of her three children, by violating a duty of care, protection, or support. While Appellant may have inflicted less abuse on her three children than her husband, Appellant admits that she abused her children, watched as her husband abused her children, and therefore violated her duty of care, protection, or support to her three children.

{¶17} Appellant further argues her limited criminal history does not support the trial court's finding under R.C. 2929.14(C)(4)(c). She states the trial court's finding was based on one conviction for perjury in 2014. The record shows the trial court considered

the context of Appellant's conviction for perjury. Appellant "committed perjury to keep the man who did all this from being convicted of domestic violence." (T. 8). Appellant served 24 months in prison, but as the trial court noted, her time in prison did not seem to have much effect on her. (T. 8). Appellant's conviction for perjury considered in context with the factual allegations in this case supports the trial court's finding that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public, and the three child victims, from future crime by the offender.

{¶18} Appellant's first Assignment of Error is overruled.

**II.**

{¶19} Appellant contends in her second Assignment of Error that her sentence was contrary to law as a violation of the Eighth Amendment guarantee against cruel and unusual punishment.

{¶20} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Taylor*, 5th Dist. Muskingum No. CT2023-0064, 2024-Ohio-238, ¶ 13 citing *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.*, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶21} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and

recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶22} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶23} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶24} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C.

2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶25} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶26} The judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. At the sentencing hearing, the trial court noted Appellant's criminal history in context of the facts of the case. We find the sentence in the instant case is not clearly and convincingly contrary to law.

{¶27} Appellant argues the sentence in the instant case is disproportionate to the offenses committed, based on the fact that her husband committed the majority of the abuse to the three children, and she was also abused by her husband. Cases violating the Eighth Amendment's prohibition on cruel and unusual punishment "are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person," and "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 14, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). Proportionality review should focus on individual sentences, rather than on the cumulative impact of multiple sentences imposed consecutively. *Id*. at

¶20. "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.* As a general rule, a sentence falling within the terms of a valid statute cannot amount to a cruel and unusual punishment. *Id.* at ¶ 21.

{¶28} The trial court noted that each count was related to one child victim. Each of the individual sentences was within the statutory range. We find the penalties imposed in the instant case are not so greatly disproportionate to the offenses Appellant committed so as to shock the sense of justice of the community.

{¶29} Appellant's second Assignment of Error is overruled.

**III.**

{¶30} In her third Assignment of Error, Appellant argues the trial court erred by advising and sentencing Appellant to a mandatory term of one to three years of post release control when post release control was discretionary in this case.

{¶31} The State concedes the error that a conviction for third-degree felony Endangering Children pursuant to R.C. 2919.22(A) does not mandate the imposition of post release control. Because Appellant's convictions are not offenses of violence, R.C. 2967.28(C) controls.

{¶32} Accordingly, we sustain Appellant's third Assignment of Error. We vacate the April 12, 2023 sentencing entry as to only the imposition of mandatory post release control and remand the matter to the trial court for the sole purpose of resentencing on the issue of post release control.

**CONCLUSION**

{¶33} The judgment of the Muskingum County Court of Common Pleas is affirmed in part and reversed and remanded in part. The matter is remanded to the trial court for the sole purpose of resentencing on the issue of post release control.

By: Delaney, P.J.,

Gwin, J. and

King, J., concur.