[Cite as *State v. Rush*, 2013-Ohio-2728.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                  :      JUDGES:

                                  :      Hon. William B. Hoffman, P.J.

    Plaintiff-Appellee        :      Hon. John W. Wise, J.

                                  :      Hon. Patricia A. Delaney, J.

-vs-                            :

RANDALL D. RUSH         :      Case No. CT12-0038

    Defendant-Appellant    :      O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                                            Court of Common Pleas, Case No.
                                            CR2012-0038

JUDGMENT:                        REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:       June 20, 2013

APPEARANCES:

For Defendant-Appellant:               For Plaintiff-Appellee:

DAVID E. MORTIMER                  D. MICHAEL HADDOX
HOWARD ZWELLING                 MUSKINGUM CO. PROSECUTOR
MICHELI, BALDWIN, NORTHRUP LLP    27 N. Fifth St., 2nd Floor
3803 James Court, Suite 2            Zanesville, OH 43701
Zanesville, OH 43701

*Delaney, J.*

{¶1}   Appellant Randall D. Rush appeals from the judgment entry of conviction and sentence entered in the Muskingum County Court of Common Pleas on June 21, 2012.  Appellee is the state of Ohio and did not file a brief.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   Appellant was originally charged by indictment with six counts of gross sexual imposition pursuant to R.C. 2907.05(A)(1), all felonies of the fourth degree; one count of rape pursuant to R.C. 2907.02(A)(1)(c), a felony of the first degree; one count of sexual battery pursuant to R.C. 2907.03(A)(2), a felony of the third degree; and one count of child endangering pursuant to R.C. 2919.22(A), a misdemeanor of the first degree.  On May 18, 2012, appellee entered a nolle prosequi as to counts two through nine and amended count one to attempted child endangering pursuant to R.C. 2923.02 and 2919.22(A), a felony of the fourth degree.  Appellant entered a plea of no contest to the amended charge of attempted child endangering.

{¶4}   The "Plea of No Contest" form signed by appellant, his counsel, and the prosecutor states in pertinent part:

> * * *.
>
> The defendant acknowledges that the parties have engaged in plea negotiations and the defendant accepts and agrees to be bound by the following agreement, which is the product of such negotiations.

Upon a plea of "no contest" to Count One as amended, the State agrees to make no recommendation and leave sentencing to the discretion of the Court. The State further agrees to Nolle Counts 2 through 9 at the time of sentencing.

The defendant further acknowledges that he/she understands that the prosecutor's recommendation does not have to be followed by the Court.

* * *.

{¶5} The trial court ordered a pre-sentence investigation.[1]

{¶6} Appellant appeared before the trial court for sentencing on June 18, 2012, and the trial court sentenced him to a prison term of 18 months. At the sentencing hearing, the trial court stated the following:

* * * *.

THE COURT: And the state has made no recommendation when it comes to sentencing. I'll also note for the record I have received the presentence investigation and I have reviewed it thoroughly. Included in the presentence investigation is a victim impact statement, as well as a specific letter from the victim concerning this matter, as well as letters from many others supporting the victim, as well as letters [defense counsel] has filed supporting you, Mr. Rush. All of that is included in the Court's file.

---

[1] The pre-sentence investigation is not in the record.

I understand, Mr. Rush, that you have taken no responsibility for any sexual misconduct by this plea, but I think it's pretty clear that there's alleged sexual misconduct. Agreed, [defense counsel]?

[DEFENSE COUNSEL:] Yes, Your Honor.

THE COURT: [Prosecutor?]

[PROSECUTOR:] Yes, Your Honor.

THE COURT: That's why we're here. That's why this case started. That's why the charges were initially filed were based upon sex charges (*sic*), and that the gross sexual imposition, Count 1, was amended to attempted child endangering, a felony of the fourth degree. Based upon that, Mr. Rush, your sentence on Count 1 will be 18 months in prison.

* * * *.

{¶7} Appellant now appeals from the judgment entry of his conviction and sentence.

**ASSIGNMENT OF ERROR**

{¶8} Appellant raises one Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SENTENCE, SPECIFICALLY A MAXIMUM TERM, CONTRARY TO THE SENTENCING STATUTES."

**ANALYSIS**

**I.**

{¶10} Appellant argues his maximum sentence for attempted child endangering does not comply with R.C. 2929.13 and therefore he should have been sentenced to community control or a lesser prison term instead of a maximum term of 18 months. We agree.

{¶11} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court set forth a two-step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." Id.

{¶12} Appellant was sentenced on June 18, 2012. R.C. 2929.13(B), effective September 30, 2011, states:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense,

the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position

obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶13} We have closely examined the record of this case. The trial court's sentencing decision was due to the fact that the resulting attempted child endangering conviction was reduced from gross sexual imposition, and it is true that a sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Parsons*, supra, 2013–Ohio–1281, ¶ 18, citing *State v. Starkey*, 7th Dist. No. 06MA110, 2007–Ohio–6702, ¶ 2; *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). "The fact that the charges were dramatically reduced also is a factor in support of the court's decision to impose the maximum sentence." Id.

{¶14} Nevertheless, we are constrained by the fact that the charge was reduced to attempted child endangering, a violation of R.C. 2919.22(A) and R.C. 2923.02, which is not an offense of violence. We are also constrained by the record of this case, which we have examined for factors pursuant to R.C. 2929.13(B)(1)(a) and

find the only sentence available to the trial court was community control. And again, we note appellee did not file a brief in this case which might have given us the benefit of an argument on behalf of the victim of this offense. We note appellant acknowledges the victim of the charged offenses, and the resulting reduced offense of attempted child endangering, is appellant's stepdaughter. Absent the pre-sentence investigation, we are unable to find any basis for a sentence other than community control based upon R.C. 2929.13(B).

{¶15} We find that pursuant to R.C. 2929.13(B), in light of appellant's conviction upon one count of a non-violent felony of the fourth degree, the trial court was required to sentence him to community control. See, *State v. Henson*, 5th Dist. No. 11 CAA 11 0112, 2012-Ohio-2894. The 18-month sentence, therefore, is clearly and convincingly contrary to law.

## CONCLUSION

{¶16} Appellant's sole assignment of error is sustained and the judgment of the Muskingum County Court of Common Pleas is reversed.  This matter is remanded to the trial court for further proceedings consistent with this opinion.

By: Delaney, J.

Hoffman, P.J. and

Wise, J. concur.


| |
|---|
| HON. PATRICIA A. DELANEY |


| |
|---|
| HON. WILLIAM B. HOFFMAN |


| |
|---|
| HON. JOHN W. WISE |


PAD:kgb

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | : |  |
| --- | --- | --- |
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No.    CT12-0038 |
| RANDALL D. RUSH | : | |
| | : | |
| Defendant-Appellant | : | |
| | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.  Costs assessed to Appellee.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE