[Cite as *State v. Taylor*, 2024-Ohio-238.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2023-0064 |
| KEITH TAYLOR | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:  Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0218

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  January 23, 2024

APPEARANCES:

For Plaintiff-Appellee

RON WELCH, ESQ.
Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Keith Taylor appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to engaging in a pattern of corrupt activity with a firearm specification (R.C. 2923.32(A)(1), 2941.141), four counts of theft (R.C. 2913.02(A)), four counts of identity fraud (R.C. 2913.49(B)(1)), one count of felonious assault with a firearm specification (R.C. 2903.11(A)(1)), and one count of grand theft of a motor vehicle (R.C. 2913.02(A)(3)), and sentencing him to an aggregate term of incarceration of twenty one to twenty-six and one-half years.    Plaintiff-appellee is the state of Ohio.[1]

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 25, 2023, Appellant and his co-defendant, Juliana Washington, smashed the windows of five cars parked at FlowFit Studios in Zanesville, Ohio. Appellant and Washington stole purses and wallets from the vehicles, including checks, credit cards, and driver's licenses belonging to the owners of the vehicles.  Appellant and Washington then went to Zanesville Gymnastics and smashed a car window, stealing a victim's purse which contained credit cards and the victim's driver's license.

**{¶3}** The next day Appellant and Washington smashed another car window at a gymnastics studio, stealing a victim's checks and identification.  Two of the checks stolen from this vehicle were forged and cashed by Appellant and Washington, using driver's licenses stolen from the Flowfit thefts.

**{¶4}** On February 7, 2023, Appellant and Washington were introduced to B.K., who was homeless at the time, through a mutual friend.  Appellant and Washington

---

[1] The State has not filed a brief in the instant appeal.

offered B.K. an opportunity to make some money. Appellant and Washington put B.K. in a car with another woman, and instructed them to go through a bank drive-through in Zanesville to cash one of the stolen checks using a stolen driver's license. After turning the money over to Appellant, B.K. indicated she did not want to be a part of what Appellant was doing, and she wanted out of the car. Appellant drove B.K. to an area behind a strip mall in Zanesville, where Appellant assaulted B.K., striking her with his fists and a handgun until B.K. was unconscious. When she regained consciousness, she made her way to a store in the strip mall, where the police were called. B.K. was taken to the emergency room for treatment.

{¶5} After participating in several "smash and grabs" in the Twinsburg area, Appellant and Washington returned to the Newark/Heath area, where, with the aid of another woman, they attempted to cash several checks stolen from the vehicles in Muskingum County. When the woman attempted to cash one of the stolen checks at a bank branch in Zanesville, she was caught by the drive-through teller because the victim to whom the check belonged was a former employee of the bank branch. The bank called 911, and a police officer stopped the vehicle. When the deputy approached the vehicle, the woman sped away at the urging of Appellant and Washington, who were instructing her via cell phone. A chase ensued on Interstate 70, reaching speeds of 115 mph. The woman crashed the vehicle into a truck in the median, while still on the phone with Appellant and Washington.

{¶6} Appellant was charged by the Muskingum County Grand Jury in a 45-count indictment. Pursuant to a negotiated plea, Appellant pled guilty to engaging in a pattern of corrupt activity with a firearm specification (R.C. 2923.32(A)(1), 2941.141), four counts

of theft (R.C. 2913.02(A)), four counts of identity fraud (R.C. 2913.49(B)(1)), one count of felonious assault with a firearm specification (R.C. 2903.11(A)(1)), and one count of grand theft of a motor vehicle (R.C. 2913.02(A)(3)), and the remaining charges were dismissed. Both parties reserved the right to argue for the sentence they felt was appropriate at the sentencing hearing.

{¶7} The trial court sentenced Appellant to an aggregate term of incarceration of 21 to 26 ½ years. It is from the July 28, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. SHOULD THIS COURT SHOULD [SIC] REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE ON COUNT 1 AND COUNT 28; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. 2929.11 AND R.C. 2929.12.

II. SHOULD THIS COURT SHOULD [SIC] REVERSE THE TRIAL COURT'S DECISION TO IMPOSE AN AGGREGATE SENTENCE OF 21 YEARS; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. 2929.11 AND 4.C. 2929.12

I., II.

{¶8} We address both assignments of error together, as Appellant does in his brief. Appellant argues the proportionality of the sentence was inconsistent with the

principles set forth in R.C. 2929.11 and the factors to be considered set forth in R.C. 2929.12.

{¶9} Appellant first argues the trial court impermissibly relied on advocacy from the prosecution. Appellant argues ten days after Appellant's arrest, the State made an offer of a recommendation of a twelve-year sentence upon a plea to the same counts to which Appellant pled in the instant case. However, after the co-defendant went to trial, counsel for Appellant represented the State told Appellant if the co-defendant was convicted, the offer was "going up." Sent. Tr. 12. At the sentencing hearing, the State argued for a sentence of 25 to 30 years.

{¶10} The plea agreement signed by the parties set forth, "[T]he parties agree that the State will make no recommendation as to sentencing at the time of the Defendant's plea herein. However, both the State and counsel for Defendant reserve the right to argue for the sentence they feel is appropriate at the time of sentencing." Nothing in the plea agreement precluded the State from arguing for a sentence of more than the twelve years previously offered. Further, the trial court did not accept either of the parties' arguments concerning sentencing, instead sentencing Appellant to more years than argued by defense counsel, but less years than argued by the State. We find the State was not bound by its previous offer to recommend a sentence of twelve years, and the trial court did not impermissibly rely on the State's advocacy in sentencing Appellant.

{¶11} Appellant next argues in sentencing, the trial court considered dismissed counts which would have merged in sentencing had Appellant been convicted of these counts. Based on the record before this Court, it is not clear which, if any, of the dismissed counts would have merged had Appellant been convicted of all counts. Appellant cites

this Court to *State v. Jenkins,* 15 Ohio St. 3d 164, 473 N.E.2d 264 (1984), for the proposition "where two or more aggravating circumstances arise from the same act or indivisible course of conduct and are thus duplicative, the duplicative aggravating circumstances will be merged for purposes of sentencing." *Id.* at paragraph 5 of the syllabus. However, *Jenkins* was a capital case, and the cited portion of the syllabus is qualified by the phrase [i]n the penalty phase of a capital prosecution." *Id.* We find *Jenkins* inapplicable because the instant case is not a capital case. A sentencing court may consider charges which have been dismissed or reduced pursuant to a plea agreement. *State v. Rush*, 5th Dist. Muskingum No. CT12-0038, 2013-Ohio-2728, 996 N.E.2d 503, ¶ 13. We find the trial court did not err in considering counts dismissed pursuant to the plea agreement in the instant case.

{¶12} Appellant argues the record does not support the sentence when considering the principles set forth in R.C. 2929.11 and R.C. 2929.12.

{¶13} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶14} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and

recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶15} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶16} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶17} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C.

2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶18}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶19}** The judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. At the sentencing hearing, the trial court noted Appellant's record included seven separate felony cases in Florida and North Carolina, each of which included numerous counts, dating back to 2006. The trial court further noted Appellant was a fugitive in the State of Florida for six years. At the time of sentencing, Appellant had two pending felony cases in Ohio, one in Medina County and one in Summit County. We find the sentence in the instant case is not clearly and convincingly contrary to law.

**{¶20}** Appellant argues generally the sentence in the instant case is disproportionate to the offenses committed, based in part on the State's original plea offer of twelve years incarceration. Cases violating the Eighth Amendment's prohibition on cruel and unusual punishment "are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person," and "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶

14, *quoting McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 30 O.O.2d 38, 203 N.E.2d 334 (1964). Proportionality review should focus on individual sentences, rather than on the cumulative impact of multiple sentences imposed consecutively. Id. at ¶20. "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.* As a general rule, a sentence falling within the terms of a valid statute cannot amount to a cruel and unusual punishment. *Id.* at ¶21.

**{¶21}** Appellant does not argue any of his individual sentences are disproportionate to the offenses committed. Each of the individual sentences was within the statutory range, and the maximum sentence was imposed only as to two counts: the felony which covered all of the enterprises Appellant was involved in, and the felonious assault, which in the trial court's opinion was a separate victim and was not "necessary in this case to perform [the] criminal enterprise." Sent. Tr. 23. We find the penalties imposed in the instant case are not so greatly disproportionate to the offenses Appellant committed as to shock the sense of justice of the community.

**{¶22}** The first and second assignments of error are overruled. The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur