[Cite as *State v. Cunningham*, 2026-Ohio-1643.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

STATE OF OHIO

    Plaintiff – Appellee

-vs-

DONALD L. CUNNINGHAM

    Defendant - Appellant

Case No. CT2025-0099

Opinion And Judgment Entry

Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0391

Judgment:  Affirmed

Date of Judgment Entry: May 6, 2026

BEFORE:   William B. Hoffman, Robert G. Montgomery, and Kevin W. Popham, Judges

APPEARANCES:  Joseph A. Palmer for Plaintiff-Appellee; Christopher Bazeley, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Appellant Donald Cunninhgam appeals the judgment entered by the Muskingum County Court of Common Pleas following a jury trial.  Appellee is the State of Ohio.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}   Cunningham was indicted on the following counts: strangulation, in violation of R.C. 2903.18(B)(2), a felony of the third degree, kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree, abduction, a violation of R.C. 2905.02(A)(2), a felony of the third degree, tampering with evidence, in violation of R.C.

2921.12(A)(1), a felony of the third degree, and obstructing official business, in violation of R.C. 2921.31(A), a felony of the fifth degree.

{¶3} On July 29, 2025, a jury trial commenced from which the following facts are adduced.

{¶4} Cunninghan and T.M. lived together for approximately three years but were not romantically involved. T.M. testified that the occupants of the home used methamphetamines several times per week. She stated that, during a verbal argument, Cunningham complained that she would not have sex with him. T.M. testified that, as the argument escalated, Cunningham grabbed her, covered her mouth and nose, punched her in the head, and chased her downstairs after she had broken free. He then allegedly prevented her from leaving by engaging the deadbolt and threatening to kill her. T.M. ran upstairs, escaped through a window, fled to a neighbor's house, and called 911.

{¶5} Police attempted to locate Cunningham, who testified that, although he was not hiding from the police, he knew police were looking for him, and he was "trying to avoid" them. When police apprehended Cunningham, they asked to see his phone to obtain video footage from cameras in the home. Before handing the phone over to police, Cunningham performed a factory reset - deleting all data off the phone.

{¶6} Unbeknownst to police, the phone, which was a new, different phone than Cunnigham possessed at the time of the assault, Cunningham provided never contained the relevant video. Cunningham had obtained a new phone after learning police were looking for him, fearing the police would "ping" his old phone. Cunningham admitted he knew police were seeking the videos and acknowledged that he lied to a detective by stating the (new) phone, which he reset, did not contain the videos. He also failed to disclose the existence of a second phone.

**{¶7}** Cunningham further testified that he attempted to provoke police into shooting him because he "wanted to die," and he did not comply with officers' instructions during his arrest. He admitted that his conduct delayed the officers and delayed his arrest. Defense counsel asked Cunningham - "and so if you were to learn that delaying an officer in the performance of their duties without privilege to do so and creating a risk of physical harm to somebody was a felony called obstructing official business, you would agree that you committed that felony, right" – to which Cunningham responded, "right."

**{¶8}** The jury found Cunningham not guilty of strangulation, kidnapping, and abduction but guilty of tampering with evidence and obstruction of official business. The jury also found that the obstruction offense created a risk of physical harm to Cunningham.

**{¶9}** With the parties' consent, the trial court proceeded immediately to sentencing. The State requested an aggregate prison term of four years, citing Cunningham's criminal history, including aggravated burglary (1993), misdemeanor assault (2023), violation of a protection order (2022), and misdemeanor domestic violence (2021). Defense counsel requested a sentence of eighteen to twenty-four months in prison.

**{¶10}** At the sentencing hearing, the trial court emphasized that Cunningham worsened the situation by lying to police and deleting or concealing evidence. The court also specifically noted that Cunningham's attempt to provoke police into shooting him was serious, and created a dangerous situation for himself and others in the neighborhood.

**{¶11}** In an August 1, 2025, judgment entry, the trial court stated it considered the record, all statements, the principles and purposes of sentencing contained in R.C.

2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12. The trial court sentenced Cunningham to a stated prison term of 36 months in prison on the tampering with evidence count, and a stated prison term of 12 months in prison on the obstructing official business count, to be served consecutively, for a total aggregate prison term of forty-eight months.

{¶12} Cunningham appeals from the August 1, 2025, judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶13} "I. CUNNINGHAM'S SENTENCE ON HIS TAMPERING WITH EVIDENCE CONVICTION IS CONTRARY TO LAW BECAUSE THE TRIAL COURT MISAPPLIED THE R.C. 2929.11 FACTORS."

I.

{¶14} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08 provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *Id.*

{¶15} Nothing in R.C. 2953.08 permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729. Instead, we may only determine if the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant

within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

**{¶16}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. *State v. Taylor*, 2024-Ohio-238 (5th Dist.).

**{¶17}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶18}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria, which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶19}** In this case, the judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness

and recidivism factors under R.C. 2929.12. The sentence imposed by the trial court is within the statutory guidelines.

{¶20} Cunningham argues that the trial court, in imposing the maximum sentence on the tampering with evidence count, improperly relied on speculation that access to the deleted video might have avoided trial. Further, that the statements by the trial court during the sentencing hearing "improperly presumes that Cunningham has a burden to prove he is innocent." We find Cunningham's arguments unpersuasive.

{¶21} The trial court specifically acknowledged Cunningham's acquittal on the other charges. The court did not shift the burden of proof but instead emphasized that Cunningham's actions – deleting potential evidence and misleading police – exacerbated the situation. The court also noted that the deleted video might have been beneficial to Cunningham's defense. Additionally, the trial court properly considered Cunningham's conduct in attempting to provoke police into shooting him, which created a serious risk to himself and others.

{¶22} While Cunningham may disagree with the weight given to the R.C. 2929.11 and R.C. 2929.12 factors by the trial judge, we have no basis for concluding the sentence in the instant case is clearly and convincingly contrary to law. The record demonstrates the trial court heard statements from the prosecutor and defense counsel.

{¶23} We conclude the trial court did not commit error when it sentenced Cunningham. Upon review, we find the trial court's sentencing complies with applicable rules and sentencing statutes. Cunningham's assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.

Costs to Appellant Donald Cunningham.

By: Popham, J.

Hoffman, P.J. and

Montgomery, J., concur