[Cite as *State v. Brady*, 2026-Ohio-1784.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

STATE OF OHIO

Plaintiff - Appellee

-vs-

ADRAIN BRADY

Defendant - Appellant

Case No. 25 CAA 11 0099

Opinion And Judgment Entry

Appeal from the Delaware County Court
of Common Pleas, Case No. 22 CRI 10
0546

Judgment:  Affirmed

Date of Judgment Entry: May 14, 2026

**BEFORE:**  William B. Hoffman, Robert G. Montgomery, and Kevin W. Popham,
Judges

**APPEARANCES:**  Melissa A. Schiffel, Katheryn L. Munger, for Plaintiff-Appellee;
Jonathan W. Klein, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Appellant Adrain M. Brady appeals the judgment entered by the Delaware
County Court of Common Pleas.  Appellee is the State of Ohio.  For the reasons below, we
affirm.

*Facts & Procedural History*

{¶2}   On June 2, 2022, Westerville police officers responded to a reported theft
at a Meijer store in Westerville, Ohio.  A store employee observed Brady exchange an old
pair of shoes for a new pair and leave the store without paying for the new shoes.  When
officers made contact with Brady, he was wearing the new shoes.  Brady was arrested, and

a search incident to arrest revealed a white crystalline substance in his pocket. Subsequent laboratory testing confirmed the substance contained methamphetamine.

{¶3} On October 6, 2022, Brady was charged in a two-count indictment with aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A), a felony of the fifth degree, and petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶4} Brady was released on a personal recognizance bond. On March 14, 2023, the State moved to revoke his bond - following his release from the Delaware County jail - after Brady failed to report to Adult Court Services for intake and drug testing on March 2 or 3. On March 10, he also failed to report, and on March 15, 2023, the trial court revoked his bond and issued a warrant for his arrest.

{¶5} On May 9, 2023, Brady filed a motion for intervention in lieu of conviction. On May 18, 2023, he was arrested again. At a June 6, 2023, hearing, Brady withdrew his prior not-guilty pleas. The trial court referred him for an R.C. 2951.041 assessment and a presentence investigation and scheduled a hearing on his request for intervention in lieu of conviction.

{¶6} The State filed a second motion to revoke bond, alleging Brady failed to report for drug testing on June 15 and could not be reached by phone, text, or email. The trial court revoked his bond and on June 21, 2023, issued another warrant for his arrest.

{¶7} On December 1, 2023, Brady was arrested again. At a December 27, 2023, hearing, the trial court granted his motion for intervention in lieu of conviction and issued a judgment entry specifying the conditions for the intervention in lieu.

{¶8} On March 8, 2024, the State filed a motion to terminate intervention in lieu of conviction and impose sentence. The State alleged Brady violated the following five

conditions of his intervention in lieu of conviction: (1) Brady failed to engage in recommended treatment; (2) Brady failed to report to his primary supervisor on January 24, 2024, January 30, 2024, February 22, 2024, and March 7, 2024; (3) Brady verbally admitted to smoking methamphetamine on February 2, 2024, and February 26, 2024; (4) Brady failed to submit to random drug screens on February 29, 2024, and March 1, 2024; and (5) Brady failed to provide verification by that he enrolled in substance abuse treatment by March 7, 2024.

{¶9} On May 8, 2024, the trial court issued a warrant for Brady's arrest, but he was not arrested until September 24, 2025.

{¶10} On October 13, 2025, the trial court held a hearing, at which time Brady admitted to the violations as alleged in the State's motion to terminate intervention in lieu. The State recommended the trial court sentence Brady to 180 days of local incarceration. The prosecutor and Brady's probation officer informed the trial court that Brady was not eligible for a community-based correctional facility ("CBDF") due to an outstanding Kentucky arrest warrant. The trial court confirmed with the prosecutor that Brady was not eligible for the CBCF due to his outstanding warrant. Defense counsel for Brady concurred that treatment-related options, such as CBCF, were "not on the table, realistically," due to the Kentucky warrant. Brady spoke on his own behalf, stating he had returned home, was sober, and was caring for his elderly grandmother.

{¶11} The trial court found Brady guilty of the counts in the indictment, and proceeded immediately to sentencing. The trial judge stated she considered the entire record of the case, including the statements by all parties, and the pre-sentence investigation. Further, that she considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors contained in R.C.

2929.12. The trial judge noted Brady's prior criminal history of misdemeanor convictions, but also noted that no physical harm resulted from the offenses in this case. The trial judge stated she was not going to sentence Brady to prison, but found he was amenable to community control. However, due to his poor compliance while on intervention in lieu of conviction, the court imposed 120 days in jail as part of the community-control sanction.

{¶12} In an October 15, 2025, judgment entry, the trial court stated it considered the statements of counsel and Brady, the principles and purposes of sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court sentenced Brady to community control, including 120 days of local incarceration.

{¶13} Brady appeals from the October 15, 2025, judgment entry of the Delaware County Court of Common Pleas, and assigns the following as error:

{¶14} "I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO JAIL IN VIOLATION OF THE OHIO SENTENCING PRINCIPLES IN R.C. 2929.11."

I.

{¶15} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08 provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *Id.*

{¶16} Nothing in R.C. 2953.08 permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to

determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729. Instead, we may only determine if the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

**{¶17}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. *State v. Taylor*, 2024-Ohio-238 (5th Dist.).

**{¶18}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶19}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria, which do not control the court's discretion, but which must be considered for or against

severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶20} In this case, the judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The sentence imposed by the trial court is within the statutory guidelines.

{¶21} Brady argues the trial court violated the sentencing principles contained in R.C. 2929.11. Specifically, Brady contends the trial court failed to consider nonresidential sanctions, such as day reporting, inpatient treatment, or house arrest, so Brady could address his drug addiction issues without being incarcerated. The record does not support this claim. When determining the appropriate sanction, the trial court considered the record, the oral statements by the parties, the pre-sentence investigation, and Brady's actions throughout the case, and determined the factors weighed in favor of local incarceration.

{¶22} The record reflects that shortly after being granted intervention in lieu of conviction, Brady violated the terms by continuing the use of illicit drugs and failing to appear for mandatory appointments, demonstrating an unwillingness to participate in nonresidential sanctions. Additionally, Brady's disappearance at multiple points throughout the case (at one point, for over a year) also demonstrates Brady's unwillingness to participate in nonresidential sanctions. The record reflects that Brady has not favorably responded to nonresidential sanctions.

{¶23} Brady also argues the trial court improperly relied on outstanding Ohio warrants that the trial court knew about at the time of his pleas in determining his

ineligibility for CBCF placement. We disagree. The warrant the prosecutor and the probation officer informed the court disqualified Brady from the CBCF facility was the warrant out of Kentucky, which was not issued at the time Brady entered his guilty pleas. Additionally, defense counsel concurred that CBCF was "not on the table, realistically."

**{¶24}** While Brady may disagree with the weight given to the R.C. 2929.11 and R.C. 2929.12 factors by the trial judge, we have no basis for concluding the sentence in the instant case is clearly and convincingly contrary to law. The record demonstrates the trial court heard statements from the prosecutor, defense counsel, and Brady himself.

**{¶25}** We conclude the trial court did not commit error when it sentenced Brady. Upon review, we find the trial court's sentencing complies with applicable rules and sentencing statutes.

**{¶26}** Based on the foregoing, Brady's assignment of error is overruled.

{¶27} For the reasons stated in our Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.

{¶28} Costs to Appellant Adrain Brady.


By: Popham, J.

Hoffman, P.J. and

Montgomery, J., concur