[Cite as *State v. Marshall*, 2025-Ohio-3291.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0050 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. CR2024-0502 |
| ROBERT MARSHALL | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 11, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Kevin W. Popham, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

OPINION

*King, J.*

{¶ 1}   Defendant-Appellant, Robert Marshall, appeals his April 21, 2025 sentence by the Muskingum County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 31, 2024, the Muskingum County Grand Jury indicted Marshall on two counts of rape in violation of R.C. 2907.02 and three counts of gross sexual imposition in violation of R.C. 2907.05.  The rape counts involved victims under the age of ten and

alleged force or threat of force. Marshall befriended the victims' parents and offered to babysit the victims as a way to be alone with the children.

{¶ 3}   On February 24, 2025, Marshall pled guilty to the two rape counts by force, felonies in the first degree. The remaining counts were dismissed. The parties agreed to a joint recommendation of twenty mandatory years in prison. A sentencing hearing was held on April 14, 2025. By entry filed April 21, 2025, the trial court sentenced Marshall to a mandatory eleven years in prison on one count (offense committed prior to the Reagan Tokes Act) and a mandatory minimum of eleven years to an indefinite sixteen and one-half years in prison on the other count (offense committed subsequent to the Reagan Tokes Act); the trial court ordered the sentences to be served consecutively for a total mandatory minimum of twenty-two years to an indefinite twenty-seven and one-half years in prison. The trial court also classified Marshall as a Tier III sex offender.

{¶ 4}   Marshall filed an appeal with the following assignment of error:

I

{¶ 5}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING AN AGGREGATE MANDATORY MINIMUM PRISON SENTENCE OF 22 YEARS, CONSISTING OF 11 YEARS ON COUNT ONE AND 11 YEARS ON COUNT THREE, TO BE SERVED CONSECUTIVELY, AS THIS SENTENCE EXCEEDS THE JOINTLY RECOMMENDED 20-YEAR SENTENCE AND IS DISPROPORTIONATE TO THE SERIOUSNESS OF THE DEFENDANT'S CONDUCT, INCONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES, AND CONTRARY TO THE PURPOSES AND PRINCIPLES OF SENTENCING UNDER OHIO REVISED CODE (ORC) 2929.11 AND ORC 2929.12, IN VIOLATION OF ORC 2953.08(G)(2)."

I

{¶ 6}   In his sole assignment of error, Marshall claims the trial court erred in sentencing him.  We disagree.

{¶ 7}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 10} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds,* 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any

findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 11} There is no dispute that the mandatory sentence of eleven years imposed on one count and the mandatory minimum sentence of eleven years to an indefinite sixteen and one-half years imposed on the other count are within the statutory range for felonies of the first degree. R.C. 2907.02(B); R.C. 2929.14(A)(1)(a) and (b). Marshall was clearly informed of these possible sentences. February 24, 2025 T. at 5-9. "A trial court does not err by imposing a sentence greater than a sentence recommended by the State when the trial court forewarns the defendant of the range of penalties which may be imposed upon conviction." *State v. Parks*, 2016-Ohio-5745, ¶ 23 (5th Dist.), citing *State v. Buchanan,* 2003-Ohio-4772 (5th Dist.).

{¶ 12} Even though the parties agreed to a joint recommendation of twenty mandatory years in prison, the trial court was not obligated to follow the recommendation. *State v. Poole*, 2024-Ohio-4892, ¶ 31 (5th Dist.), citing *State v. Rink*, 2003-Ohio-4097 (6th Dist.). Marshall acknowledged he understood this in his February 24, 2025 plea of guilty form ("The Defendant further acknowledges that he understands any sentencing recommendation does <u>not</u> have to be followed by the Court").

{¶ 13} The record demonstrates the trial court received and thoroughly reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and the grandparent of one of the child-victims. April 14, 2025 T. at 3-4, 8, 9.

The trial court noted one of the victims was six or seven years old and the other victim was five or six years old at the time of the offenses. *Id.* at 9. The trial court found Marshall's actions amounted to "unimaginable, heinous acts" for his own selfish reasons and changed the victims' lives "for the rest of their life." *Id.* at 10. The prosecutor noted Marshall "has a lengthy criminal record dating back to a juvenile sexual assault involving another child when he was a minor." *Id.* at 4. The grandparent stated Marshall "won the trust" of the grandchild "only to shatter it and to rip away" the grandchild's innocence and childhood. *Id.* at 7. The grandchild is in therapy, on medication for depression, talks about wanting to die, and suffers from nightmares. *Id.*

{¶ 14} In its entry, the trial court indicated it considered "the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." There is nothing in the record to indicate Marshall's sentence was disproportionate under these sections or that the sentence of two more years from the recommended sentence imposed an unnecessary burden on state resources.

{¶ 15} The trial court followed R.C. 2929.14(C)(4) and noted consecutive service was "necessary to protect the public from future crime or to punish the Defendant" and was not disproportionate to the seriousness of Marshall's conduct and to the danger he poses to the public. April 14, 2025 T. at 11; Entry filed April 21, 2025. The trial court found "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness

of Defendant's conduct."  *Id.*  The trial court further found Marshall's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."  Entry filed April 21, 2025.

{¶ 16} Upon review, we find the sentence is within the authorized statutory range, the trial court considered the factors set forth in R.C. 2929.11 and 2929.12 and properly imposed post release control, and there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations; the sentence is not contrary to law.

{¶ 17} The sole assignment of error is denied.

{¶ 18} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is AFFIRMED.

{¶ 19} Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Popham, J. concur.