[Cite as *State v. Renne*, 2025-Ohio-5809.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | |
|---|---|
| | Case No. 2025 CA 00055 |
| Plaintiff – Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2025-CR-00091 |
| JEFFREY RENNE | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry:December 30, 2025 |

**BEFORE:**   WILLIAM B. HOFFMAN, P.J, KEVIN W. POPHAM, J., DAVID M. GORMLEY, J., Appellate Judges

**APPEARANCES:** KENNETH W. OSWALT for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant

OPINION

*Popham, J.*

{¶1}   Appellant Jeffrey Renne appeals the judgment entered by the Licking County Court of Common Pleas convicting and sentencing him following his pleas of guilty.  Appellee is the State of Ohio.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}   The following facts are adduced from the change-of-plea and sentencing hearings held on July 16, 2025.

{¶3}   On six different occasions from January 22, 2025, through February 12, 2025, Renne stole merchandise (cases of beer and candy) from the Sheetz gas station

located at 10250 National Road in Licking County, Ohio. The total aggregate amount for all the items stolen during the thefts was $1,426.46.

{¶4} On February 6, 2025, Renne and an accomplice stole merchandise worth $989.85 from the Home Depot in Newark, Ohio. On February 12, 2025, Renne and an accomplice stole beer worth $143.94 from the Sheetz located at 815 North 21st Street in Licking County, Ohio. Also on February 12, 2025, Renne and an accomplice stole beer worth $143.89 from the Sheetz located at 750 Hebron Road in Licking County, Ohio. Surveillance video captured Renne committing the crimes.

{¶5} After advising Renne of his Miranda rights, detectives interviewed Renne, who admitted to stealing from the gas stations. He stated he steals beer because it is located by the exit door, and he can easily resell beer. Renne admitted he recruits drivers and pays them half of the proceeds from the beer. Renne told the detectives his GPS would confirm he has traveled to "thousands" of stores throughout Central Ohio to steal beer. Renne also admitted to stealing from Home Depot. Renne informed detectives he would continue to steal to make money, and that he has engaged in this type of "retail theft" for over thirty years.

{¶6} Pursuant to R.C. 2913.61, the series of theft offenses were aggregated into a single count of theft. The indictment for one count of theft, a felony of the fifth degree, was filed on February 20, 2025. A charge of engaging in a pattern of corrupt activity was added via a superseding indictment; however, the charge was later dismissed by the State.

{¶7} On July 16, 2025, Renne pled guilty to one count of theft. The parties jointly recommended a ten-month prison sentence, to be served locally, because Licking County

is a T-CAP county allowing for a prison sentence on a fifth-degree felony to be served at the county jail[1]. At a sentencing hearing held immediately after the plea hearing, the trial court sentenced appellant to twelve months in prison.

{¶8} In a July 16, 2025, judgment entry, the trial court stated it considered the purposes and principles contained in R.C. 2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12.

{¶9} Renne appeals from the July 16, 2025, judgment entry of the Licking County Court of Common Pleas, and assigns the following as error:

{¶10} "I. THE MINIMUM SANCTIONS TO ACHIEVE THE PURPOSE OF R.C. 2929.11 WERE NOT REFLECTED IN THE SENTENCE APPELLANT RECEIVED."

I.

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08 provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *Id.*

{¶12} Nothing in R.C. 2953.08 permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729. Instead, we may only determine if the

---

[1] Ohio's Targeted Community Alternatives to Prison ("T-CAP") program provides state funding to counties to manage low-level, nonviolent felony offenders locally instead of sending these offenders to overcrowded state prisons. R.C. 2929.34 and 5149.38

sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

{¶13} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Taylor*, 2024-Ohio-238 (5th Dist.).

{¶14} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶15} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the

most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶16} In this case, the judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Further, the sentence imposed by the trial court is within the statutory guidelines.

{¶17} Renne argues the minimum sanctions to achieve the purpose of R.C. 2929.11 contradicted the sentence imposed and that the trial court failed to adequately consider mitigating factors, such as the lack of physical or psychological harm to the victims, the fact that the value of the merchandise was less than $2,500, and Renne's willingness to pursue treatment for mental health and addiction.

{¶18} While Renne may disagree with the weight given to the R.C. 2929.11 and R.C. 2929.12 factors by the trial judge, we have no basis for concluding the sentence in the instant case is clearly and convincingly contrary to law. The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Renne himself.

{¶19} In addition, at the sentencing hearing, Renee admitted that he had engaged in "retail theft" for decades, and planned to continue doing so in order to make money. Further, the PSI demonstrates that Renne has a lengthy criminal history. His first conviction for theft occurred in 1992, and he had convictions for theft or forgery almost every year after. He frequently had multiple convictions for theft or forgery each year. Additionally, Renne was convicted of possession of drugs in 1995, 1997, 1999, 2001, 2003, 2005, and 2007. Renne spent time in prison or was locally incarcerated in 1992-

1993, 1994, 1995-1997, 1998, 1999-2000, 2000-2001, 2002-2003, 2003-2005, 2006-2007, 2008-2010, 2011-2013, 2014, 2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023. In addition, Renne was placed on either community control or probation numerous times, and was unsuccessfully terminated from community control and/or probation multiple times. Essentially, as soon as Renne was released from either prison or local incarceration, he would be convicted of another theft or forgery offense, and this pattern has continued for decades.

{¶20} Renne also contends his sentence is disproportionate because it differed from the joint sentencing recommendation of ten months in prison. However, it is well settled that "[t]rial courts may reject plea agreements and that they are not bound by a jointly recommended sentence." *State v. Underwood*, 2010-Ohio-1, ¶ 29; *State v. Marshall*, 2025-Ohio-3291, ¶ 12 (5th Dist.). Thus, the trial court was not obligated to follow the recommendation.

{¶21} We conclude the trial court did not commit error when it sentenced Renne. Upon review, we find the trial court's sentencing complies with applicable rules and sentencing statutes. Renne's assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Licking County Court of Common Pleas is affirmed.

Costs to Appellant.

By: Popham, J.

Hoffman, P.J. and

Gormley, J., concur