[Cite as *State v. Williams*, 2026-Ohio-85.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0062 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0199 |
| MARQUISE T. WILLIAMS, | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: January 9, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** No Appearance, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}**   The appellant, Marquise T. Williams, appeals his sentence following his plea of Felonious Assault in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}**   On April 23, 2025, the appellant entered a plea of guilty to one count of Felonious Assault in violation of R.C. 2903.11(A)(1) in exchange for the State dismissing the remaining counts. The parties also presented a joint recommendation of a three-year prison sentence. The underlying allegations involved a domestic dispute between the appellant and the mother of his child. During the incident, the appellant grabbed the victim

by the hair, threw her onto the bed, and inflicted a seven-inch long leg wound with a pair of scissors.

{¶3} On June 4, 2025, the case proceeded to sentencing. At the sentencing hearing, the appellee reiterated its joint recommended sentence of a three-year prison term. It raised concerns about the appellant's conduct which led to the conviction, as well as letters submitted prior to sentencing. The appellant's counsel likewise urged the trial court to adopt the recommended sentence. When the appellant addressed the trial court, he denied any witness tampering, and expressed remorse.

{¶4} The trial court rejected the joint recommendation and imposed a prison sentence of five years to seven-and-a-half years.

{¶5} The appellant filed a timely notice of appeal and herein raises the following sole assignment of error:

{¶6} "I. THE MINIMUM SANCTIONS TO ACHIEVE THE PURPOSE OF R.C. §2929.11 WERE NOT REFLECTED IN THE SENTENCE APPELLANT RECEIVED."

{¶7} We note the Muskingum County Prosecutor's Office failed to file a brief in this matter.

**STANDARD OF REVIEW**

{¶8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. Under R.C. 2953.08, an appellate court may increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929(I), or the sentence is otherwise contrary to law. *Id*.

**{¶9}** "Clear and convincing proof is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St.469, paragraph three of the syllabus.

**{¶10}** "Nothing in R.C. 2953.08 permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12." *State v. Renne*, 2025-Ohio-5809, ¶12 (5th Dist.). A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory ranges." *State v. Morris*, 2021-Ohio-2646, ¶90 (5th Dist.) quoting *State v. Dinka*, 2019-Ohio-4209, ¶36 (12th Dist.).

### ANALYSIS

**{¶11}** A trial court must consider the purposes and principles of felony sentencing contained in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. *State v. Taylor*, 2024-Ohio-238, ¶14, (5th Dist.).

**{¶12}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state

or local government resources." R.C. 2929.11(A). To achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶13}** "R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case." *State v. Davis*, 2025-Ohio-3126, ¶50 (5th Dist.). The trial court has discretion to determine the most effective way to comply with the purpose and principles of sentencings as set forth in R.C. 2929.11.

**{¶14}** In the case sub judice, although the judge did not follow the joint sentencing recommendation, the sentence imposed is within the statutory guidelines. It is well settled that "[t]rial courts may reject plea agreements and that they are not bound by a jointly recommended sentence." *State v. Underwood*, 2010-Ohio-1, ¶29; *State v. Marshall*, 2025-Ohio-3291, ¶12 (5th Dist.). Accordingly, the trial court was not obligated to follow the recommendation.

**{¶15}** The appellant argues that the minimum sanctions to achieve the purposes of R.C. 2929.11 were not reflected in the sentence imposed. He contends the court relied on allegations and letters that were not admitted into evidence. However, the appellant told the trial court he had the letters attached to the presentence investigation report so

the judge could look at them. Furthermore, the appellant fails to provide any analysis as to why the trial court's consideration of these materials, or its determination that the appellant's remorse was not genuine, constitutes error.

**{¶16}** Based on the record before us, we conclude the trial court did not err in sentencing the appellant.

**{¶17}** The appellant's sole assignment of error is overruled.

## CONCLUSION

**{¶18}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

**{¶19}** Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Montgomery, J. concur.